UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.  Crim. No. 05-346 (EGS/JMF)

MAURICE A. CORBIN,

Defendant.

FILED

MAR 0 7 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## DETENTION MEMORANDUM

The facts in this case, as detailed in the Government's Detention Memorandum, are incorporated herein by reference. Suffice it to say that this defendant has a healthy history of using PCP and has never shown any inclination to work with those who have tried to help him with his addiction. More importantly for present purposes, the defendant also has a healthy disregard for judicial orders, including my own. According to the government's memorandum, this defendant has, on numerous occasions since 2001, failed to either appear for a sentencing, go for drug treatment, appear for a hearing on violation (including one before me), report to his probation officer, or appear for an arraignment.

In my view, ascertaining whether a defendant presents a serious risk of flight requires inquiry into his behavior when previously released on conditional release, probation or parole. As I stated in United States v. Battle, 59 F. Supp.2d 17 (D.D.C. 1999),

> It cannot be gainsaid that Congress made "risk of flight" a grounds for detention because it believed that there were major drug dealers to whom the posting and losing of even large amounts of money bond were not a deterrent but a mere cost of doing business. S.Rep. No. 98-225, 98th Cong. 1st Sess. II-20. It does not follow, however, that an assessment of whether the defendant presents an intolerable risk of flight is limited to the defendants who have a private jet awaiting for them at the airport. It must be remembered that one of the factors which Congress required a magistrate judge to consider is the defendant's history of appearing in court when

required ( 18 U.S.C. S 3142(g )(3)) and told the judge to focus on whether there are "conditions of release that will reasonably assure the appearance of the person as required." 18 U.S.C. S 3142(g). The defendant's prior history of failing to appear bears pointedly on determining whether he will appear when required. One is hard pressed to understand why Congress directed the magistrate judge's focus to the defendant's prior history if it did not intend that prior history to be a basis for determining how likely it is that the defendant will appear when required and instead intended that the Court focus only on the risk that the defendant will leave the Court's jurisdiction.

Furthermore, disregarding the defendant's history of appearing in court in ascertaining whether there are conditions which will reasonably assure his appearance when required is, to put it mildly, counterintuitive. As in any human endeavor, what is past is prologue and there can be no better evidence bearing on whether the defendant will appear when required than whether he has appeared when required in the past and has been faithful to the conditions of his conditional release, probation, or parole. To disregard that history and to focus only on whether the defendant will or will not leave the jurisdiction is to disregard the most useful information available. See United States v. Robinson, 27 F.Supp.2d 1116 (S.D.Ind.1998) (defendant posed risk of flight because of failure to appear in court and to comply with terms of probation even though he lived in judicial district all of his life).

I therefore conclude that ascertaining whether a defendant presents a serious risk of flight requires inquiry into his behavior when released previously on conditional release, probation or parole.

Id. at 20.

Since I am of that view, I will hold this defendant. His utter contempt for the conditions of his parole and conditional release make it nearly certain that he will be equally contumacious of any condition I would set. In fact, the record shows that this defendant already has ignored one of my orders. I will therefore order him detained pending trial.

JOHN M. FACCIOLA
UNITED STATES MAGISTRATE

March 6, 2006