UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

MAY 1 7 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO.  05-346 (EGS) |
| | : | |
| | : | |
| MAURICE A. CORBIN, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## GOVERNMENT'S SUBMISSION TO THE COURT
## IN PREPARATION FOR THE UPCOMING PLEA HEARING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, and Defendant, Maurice A. Corbin, hereby submit the following in preparation for a plea hearing in the instant case.

I.     ELEMENTS OF THE OFFENSES

Unlawful Possession of a Firearm and Ammunition

The essential elements of the offense of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g), are:

1. The defendant knowingly possessed the firearm, as charged;

2. Before he possessed the firearm, the defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year; and

3. The possession of the firearm was in or affecting interstate commerce.

<u>Unlawful Possession With the Intent to Distribute Cocaine</u>

The essential elements of the offense of Unlawful Possession With the Intent to Distribute a Controlled Substance (Cocaine), in violation of 48 D.C. Code § 904.01, are:

    1. That the defendant possessed a controlled substance;

    2. That the defendant did so knowingly and intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently;

    3. That when the defendant possessed the controlled substance, he had the specific intent to distribute it. "Distribute" means to transfer or attempt to transfer to another person;

    4. The law makes cocaine a controlled substance. The factfinder must decide whether the material was cocaine. In doing so, the factfinder may consider all evidence that may help, including exhibits, expert and non-expert testimony.

To establish the first element of the offense, the government must prove beyond a reasonable doubt that the defendant possessed some measurable amount of a controlled substance. A measurable amount is an amount that is capable of being measured or quantified.

II.   <u>COPY OF THE PLEA AGREEMENT</u>

A copy of the plea agreement, not yet executed by the defendant, is attached.

III.   <u>PENALTIES</u>

Pursuant to 18 U.S.C. §§ 922g and 924:

1. a term in prison of not more than 10 years;
2. a fine of not more than $250,000; and
3. a term of supervised release of not less than two years and not more than three years.

Pursuant to 48 D.C. Code § 904.01

1. a term in prison of not more than 30 years;
2. a fine of not more than $500,000;
3. a term of supervised release of no more than five years.

IV.    FACTUAL PROFFER IN SUPPORT OF GUILTY PLEA

Unlawful Possession of a Firearm and Ammunition

Had this case proceeded to trial, the United States was prepared to prove beyond a reasonable doubt that, on July 24, 2005, two officers with the Metropolitan Police Department were dispatched to the rear of 2781 Langston Place, S.E., Washington, D.C. The police had received a complaint of a male using drugs, who was wearing a white shirt, blue shorts, and wearing glasses. When the police pulled into the alleyway, they observed the defendant, who matched the lookout description and was later identified as Maurice A. Corbin, sitting on a cement ledge.

Upon observing the police, the defendant made a sudden and furtive gesture with his hand by taking it from the area of his crotch area and putting his hand down by his side next to his foot. One officer, believing that the defendant was attempting to hide something, quickly exited the police vehicle and stopped the defendant. The defendant had a pack of cigarettes on his lap. The defendant was told to stand and walk over to the police vehicle. One officer returned to the cement ledge where the defendant was sitting and found a 2 oz. bottle that was nearly full with a liquid that had an odor consistent with Phencyclidine (PCP). A subsequent DEA analysis determined that the bottle contained 8.28 mL of PCP. The United States would have offered the analysis of the DEA chemist, by way of a Certified Report of Controlled Substance Analysis.

The defendant was placed under arrest at this point. In a search incident to that arrest, the police recovered a .22 caliber Liberty revolver loaded with three rounds of ammunition. The weapon

-3-

was determined to be operable. There also would have been testimony that there are no gun manufacturers in the District of Columbia, and that the .22 caliber Liberty revolver Arms gun had, therefore, traveled in interstate commerce.

The United States would also have offered evidence that the defendant was convicted of a prior felony in 01-226. Specifically, the defendant had been convicted of being a felon in possession of a firearm and ammunition.

Unlawful Possession With the Intent to Distribute Cocaine

Had this case proceeded to trial, the United States was prepared to prove beyond a reasonable doubt that, on February 16, 2006, at approximately 4:05 a.m., two officers with the Metropolitan Police Department were in the front of 2919 Know Place, S.E., Washington, D.C., in an unmarked police vehicle wearing full uniforms. This area was known to the officers as being a high drug trafficking area. At this time, the officers observed a group of individuals standing at said location.

The officers got out of their vehicle and began to approach the group. As the officers approached, the defendant began to walk away and was seen throwing a small, green, plastic flip top M&M's candy container to the ground. An officer picked up the container and observed a large quantity of a white rocklike substance that was similar in appearance to cocaine. A portion of that material was field tested and determined to be cocaine. There were 30 rocks of the cocaine. The defendant was arrested at that point for possession of cocaine with the intent to distribute. In a search incident to that arrest, the police recovered a glass vial of a liquid that was similar in smell to PCP. The vial was approximately 1/4 full.

-4-

The United States would have offered the analysis of a DEA Chemist to establish that there

was a measurable amount of cocaine and that the material in the vial was PCP.  The United States

also would have offered the testimony of an expert in narcotics trafficking to establish that the

amount of cocaine was consistent with an intent to distribute and not personal use.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney

MICHAEL T. TRUSCOTT
Assistant United States Attorney
Member of the New York Bar
Federal Major Crimes Section
555 Fourth Street, N.W., Room 4237
Washington, D.C. 20530
202-514-7533

## DEFENDANT'S ACKNOWLEDGMENT

I have read this factual proffer and have discussed it with my attorney, Rita Bosworth, Esq. I fully understand this factual proffer. I agree and acknowledge by my signature that this proffer of facts is true and accurate. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this factual proffer fully.

Date: 5/2/06                    *Maurice Corbin*
                                MAURICE A. CORBIN
                                Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read this factual proffer, and have reviewed it with my client fully. I concur in my client's desire to adopt this factual proffer as true and accurate.

Date: 5/2/06                    *Rita Bosworth*
                                RITA BOSWORTH
                                Attorney for Defendant

-6-