UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL NO. 05-346 (EGS) |
| : | |
| : | Sentencing: August 7, 2006 |
| MAURICE CORBIN : | |
| : | |
| Defendant. : | |
| _____ : | |

**UNITED STATES' MOTION FOR
THREE POINT REDUCTION FOR ACCEPTANCE
OF RESPONSIBILITY
AND MEMORANDUM IN AID OF SENTENCING**

COMES NOW, the United States of America, by and through its attorney, the United States Attorney for the District of Columbia, and hereby respectfully submits its Motion For Three-Point Reduction For Acceptance of Responsibility and Memorandum in Aid of Sentencing. In support thereof, the United States would respectfully showing the following:

**Motion for Reduction**

A. <u>Factual Summary of Unlawful Possession of a Firearm</u>

1. On July 24, 2005, two officers with the Metropolitan Police Department were dispatched to the rear of 2781 Langston Place, S.E., Washington, D.C., for a complaint of a male using drugs at that location. When the officers pulled into the alleyway, they observed the defendant, who was later identified as Maurice Corbin, sitting on a cement ledge. The defendant matched the description that the officers had been given by the dispatcher.

2. Upon observing the officers, the defendant made a sudden and furtive gesture with his hand by taking it from his crotch area and putting it down by his side next to his foot. One officer,

-1-

believing that the defendant was attempting to hide something, quickly exited the police vehicle and stopped the defendant. The defendant had a pack of cigarettes in his lap. The defendant was told to stand and walk over to the police vehicle. One officer went to the cement ledge where the defendant had been sitting and found a 2 ounce bottle that had 8.28 mL of Phencyclidine (PCP).

      3. The defendant was placed under arrest at this point and searched. The police recovered a .22 caliber Liberty revolver loaded with three rounds of ammunition. The firearm was determined to be operable.

B. <u>Factual Summary of Unlawful Possession With the Intent to Distribute</u>

      4. On February 16, 2006, at approximately 4:05 a.m., two officers with the Metropolitan Police Department were in front of 2919 Knox Place, S.E., Washington, D.C., in an unmarked vehicle. The officers were wearing their uniforms. The officers observed a group of individuals standing at that location.

      5. The officers got out of their vehicle and began to approach the group. As the officers approached, the defendant, who was later identified as Maurice Corbin, began to walk away. He was seen throwing a small, green plastic fliptop M&M's container to the ground. One officer picked up the container and found was later determined to be cocaine base weighing 1.7 grams. There were 30 individual rocks of the cocaine base. The defendant was arrested.

      6. In a search incident to that arrest, the police recovered a vial of PCP in the amount of 5.5 mL from the defendant's person.

C. <u>Defendant's Acceptance of Responsibility</u>

      7. The defendant expressed an early interest in entering into a plea in this case and his Superior Court Case. The defendant eventually pled guilty to one count of Unlawful Possession of

a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year and one count of Unlawful Possession of Cocaine Base With the Intent to Distribute. This second charge was under the District of Columbia Criminal Code. Because of the defendant's early acceptance of responsibility, the United States was able to conserve valuable prosecution resources. Therefore, the defendant is entitled to a three-point reduction for acceptance of responsibility pursuant to Section 3E1.1 of the United States Sentencing Guidelines with regard to his federal charge.

## Memorandum in Aid of Sentencing

8. Based on the information set forth in the Presentence Investigation Report (PSR), the defendant's base offense level for firearm charge is 14, having pled guilty and accepted responsibility for unlawfully possessing a firearm and ammunition. U.S.S.G. §2K2.1. The defendant failed to appear for a hearing on September 27, 2005, and, thus, receives a two-point increase in his base offense level. U.S.S.G. § 3C1.1. The defendant, as set forth above, is entitled to a three point reduction in his base offense level pursuant to U.S.S.G. § 3E1.1. In the event that the Court grants the United States' motion, the defendant's base offense level would then be 13. Based on a total offense level of 13 and a criminal history category of IV, the guideline range of imprisonment is 24 to 30 months. U.S.S.G. Chapter 5, Part A.[1] The government is recommending that the defendant be sentenced to 24 months.

9. The Voluntary District of Columbia Sentencing Guidelines apply to the Unlawful

---

[1] The government's position on defendant's base offense level, as well as its positions on all applicable specific offense characteristics and adjustments is supported by the Presentence Investigation Report – the Presentence Report writer having weighed the relevant objections of defense counsel prior to issuing the Report.

Possession of Cocaine Base With the Intent to Distribute. The guideline range for that offense is 20 to 42 months of imprisonment. The government is recommending a sentence of 20 months to run consecutive to the federal charge.

    7. The Court should impose a sentence within the Sentencing Guideline range. In <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), the Supreme Court held that the mandatory application of the United States Sentencing Guidelines violates the Sixth Amendment principles articulated in <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004). The Court invalidated the statutory provision that made the Guidelines mandatory: Title 18, United States Code, Section 3553(b)(1). <u>Booker</u>, 124 S. Ct. at 764. The Court upheld the remainder of the Guidelines as the most appropriate benchmark for informing courts as to the most reasonable sentence for a particular defendant who has committed a particular crime. Indeed, it remains the case that if the sentencing court imposes a sentence that is outside the range as set forth in the Guidelines, the Court must state in a written order of judgment and commitment the specific reason for the imposition of a sentence different from that described in the Guidelines. <u>See</u> 18 U.S.C. § 3554(c)(2). The sentence will then be subject to review by courts of appeals for "reasonableness." <u>Booker</u>, 124 S. Ct. at 766.

    In <u>Booker</u>'s wake, this Court must continue to resolve disputed questions of fact and law and correctly calculate a defendant's sentence under the existing Sentencing Guidelines. <u>See</u> Fed. R. Crim. P. 32(i)(3)(B) (court must rule on unresolved objections to the Presentence Report or determine that resolution not necessary to sentencing). "The district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." <u>Booker</u> 124 S. Ct. at 767 (citing 18 U.S.C.A. §§ 3553(a)(4)&(5) (Supp. 2004)). In light of this mandate – and the continued requirement of written explanations for sentences that fall outside of the range

called for by the Guidelines and the new standard of "reasonableness" review – it is plain that a sentence within the Guidelines, while not required, is reasonable per se. Not only is a sentence within the Guideline range presumptively reasonable, but it also accommodates the salutary goal, endorsed by both Congress and the Supreme Court, of meting out fair and uniform sentences.

8. The Sentencing Guideline range for the defendant's federal charge is not only presumptively reasonable, for the reasons outlined above, but it is reasonable and appropriate for this defendant based on the facts of this case. The facts and circumstances of this case, when viewed in conjunction with the defendant's criminal history warrant a sentence of incarceration of 24 months.

9. This is equally true for the defendant's charge under the District of Columbia Code. In light of the defendant's significant criminal history, the Court should sentence the defendant to 20 months of incarceration.

10. According to the PSR, the defendant's criminal record goes back thirteen years. Moreover, that first conviction involved the sale of cocaine. In total, the defendant has five previous convictions, and they include two drug convictions and a gun conviction. The defendant also has three other arrests. The PSR also reflects that the defendant has done extremely poorly each time that he was given probation or supervised release because he has either failed to report or picked up additional charges.

11. The defendant now stands before the Court to be sentenced for his sixth and seventh conviction. As noted above, these convictions again center around the defendant's possession of a gun, PCP, and cocaine base. This repeated criminal behavior demonstrates that the chances of rehabilitation for the defendant are dismal.

12. In sum, the defendant's behavior and background information noted in the PSR

demonstrates that he is committed to engaging in unlawful activities that present real and substantial dangers to the community. Specifically, the defendant appears to be committed to being involved with criminal behavior with drugs and guns. As the Court is well aware, this is an extraordinarily dangerous combination to our community. A significant period of incarceration would not only dter others from committing similar offense, but it would protect the community from the defendant. For these reasons, the United States recommends that the defendant be sentenced to a total of 44 months.

13. This sentence is supported by the factors to be considered by courts as articulated in 18 U.S.C. § 3553(a). This provision provides, in pertinent part, that when fashioning a sentence, courts should consider (1) the circumstances surrounding the instant offense and the defendant's criminal history, (2) the seriousness of the offense and the need to promote respect for the law and punishment, (3) potential deterrence, (4) protecting the public, and (5) the needs of the rehabilitative needs of the defendant. Id. In the instant case, there is a significant need to protect the public from the defendant's prolific criminal behavior. Indeed, despite several brushes with the law and being on supervised release, the defendant elected to possess a loaded handgun, PCP and cocaine base.

    Respectfully,

    KENNETH L. WAINSTEIN
    United States Attorney

    By: _____
    MICHAEL T. TRUSCOTT
    ASSISTANT UNITED STATES ATTORNEY
    Member of the New York Bar
    Federal Major Crimes Section
    United States Attorney's Office
    555 Fourth Street, N.W., Room 4237
    Washington, D.C. 20530
    Phone: (202) 514-7533
    Fax: (202) 514-6010

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing United States' Motion for Three-point Reduction for Acceptance of Responsibility and Memorandum in Aid of Sentencing was caused to be served via United States Mail, postage prepaid, upon counsel of record for the defendant, Rita Bosworth, Federal Defender Service, this 2nd day of August, 2006.

_____
MICHAEL T. TRUSCOTT