IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ) | | |
| ) | Cr. No. 05-346 (EGS) | |
| v. ) | | |
| ) | | |
| MAURICE A. CORBIN ) | | |
| ) | | |

### DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

Mr. Maurice Corbin, through his counsel, Rita Bosworth, Assistant Federal Public Defender, hereby respectfully submits this memorandum in aid of sentencing pursuant to Federal Rule of Criminal Procedure 32. Based on all the sentencing factors in this case, including the United States Sentencing Guidelines, Mr. Corbin respectfully submits that he should be sentenced to a period of incarceration of twenty-four months on Count 1 and twenty months on Count 2, and that those sentences should run concurrently.

### BACKGROUND

On September 15, 2005, the government filed a two-count indictment against Mr. Corbin, charging him with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1), and Simple Possession of a Controlled Substance, in violation of 21 U.S.C. § 844(a). The criminal conduct charged in the indictment occurred on July 24, 2005. Mr. Corbin was arrested on February 28, 2006, he was arraigned in the District Court for the District of Columbia on that same day, and he has been held without bond at the D.C. Jail ever since then. On April 27, 2006, the government filed a superseding information, replacing Count 2 of the indictment

with a charge of Unlawful Possession With Intent to Distribute a Controlled Substance, in violation of 48 D.C.C. § 904.01(a)(1).[1]  The offense conduct for this charge occurred on February 16, 2006.  Mr. Corbin pled guilty on May 17, 2006, and he is scheduled to be sentenced on August 7, 2006, at 12:30 p.m.

## DISCUSSION

### I.   THE POST-BOOKER SENTENCING FRAMEWORK.

Under Justice Breyer's majority opinion in Booker, the "district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing.  See 18 U.S.C. § 3553(a)(4)." United States v. Booker, 543 U.S. 220, 264 (2005) (Breyer, J.).  While holding that district courts should still consider the Guideline calculations and ranges for sentencing purposes, the remedial majority in Booker held that courts must consider all the purposes of sentencing set forth in 18 U.S.C. § 3553(a).  Pursuant to Booker, therefore, courts must treat the Guidelines as but one, among several, sentencing factors.

Pursuant to 18 U.S.C. §§ 3562 and 3553(a)–which were explicitly endorsed by the Supreme Court in Booker–sentencing courts should consider the need for the sentence imposed:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and

---

[1]     The Pre-Sentence Investigation Report erroneously states that the indictment and the superseding information charge Mr. Corbin with the same statutory violations.  Count 2 of the superseding information replaces a United States Code violation with a District of Columbia Code violation.

>> (D) to provide the defendant with the needed educational
> and vocational training, medical care, or other correctional
> treatment in the most effective manner.

Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available, the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged.

Pursuant to 18 U.S.C. § 3661, also expressly endorsed by the Booker majority:

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.

Section 3582 of Title 18 states that:

> [t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.

Taken together, the directives of Booker, as well as Sections 3553, 3661, and 3582 of Title 18, make it clear that sentencing courts may no longer consider the Guidelines alone in determining the appropriate sentence. With respect to *departures* from the Guideline range, in particular, courts need not justify sentences outside the Guidelines by citing factors that take the case outside the "heartland." Rather, as long as the sentence imposed is reasonable and supported by the factors outlined in Section 3553, courts may disagree with the range proposed

3

by the Guidelines in individual cases and exercise their discretion.

**II.    UNDER ALL OF THE RELEVANT SENTENCING FACTORS, MR. CORBIN SHOULD RECEIVE CONCURRENT SENTENCES OF INCARCERATION OF 24 MONTHS ON COUNT 1 AND 20 MONTHS ON COUNT 2.**

    A.  <u>Statutory Provisions</u>

       1.  COUNT 1

Pursuant to the applicable statutes, there is no minimum term of imprisonment, and the maximum term of imprisonment is ten years for this Class C felony. 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

       2.  COUNT 2

Pursuant to the applicable statutes, there is no minimum term of imprisonment, and the maximum term of imprisonment is thirty years.  22 D.C. Code § 48-904-01.

    B.  <u>Advisory Sentencing Guidelines</u>

       1.  COUNT 1

The Probation Office, using the 2005 Edition of the advisory <u>United States Sentencing Guidelines</u> has concluded that the Base Offense Level in this case is 13 and that Mr. Corbin's criminal history category is IV, resulting in an advisory Guideline range of 24 to 30 months.

       2.  COUNT 2

The Probation Office has determined that under the advisory <u>District of Columbia Sentencing Guidelines</u>, Count 2 falls into Group 2 and that Mr. Corbin's criminal history score is C, resulting in an advisory Guideline range of 20-42 months.  Under this guideline category, probation is a permissible sentence.

C. Other Factors

As noted above, pursuant to 18 U.S.C. §§ 3562 and 3553(a), sentencing courts should consider the need for the sentence imposed 1) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; 2) to afford adequate deterrence to criminal conduct; 3) to protect the public from further crimes of the defendant; and 4) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available, the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged. Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above.

*I. Nature of the Offense*

Mr. Corbin understands that guns and drugs are a serious threat to the community and he regrets that he possessed either one. Though Mr. Corbin in no way wishes to diminish the seriousness of the offense, he notes that possession is not a violent crime, nor was any identifiable victim hurt as a result of his conduct.

*II. Characteristics of the Defendant*

As the Court can see from the PSR, Mr. Corbin had a very difficult childhood. His parents were unable to provide for him and often he did not even have anything to eat. As such, he had to move out on his own when he was only 13 years old. Due in no small part to the fact

that he had no money and no family support, Mr. Corbin was first arrested when he was 15. Since then, his life has been littered with crime. In addition to the lack of family support, he attributes this to peer pressure and spending time with the wrong people.

In spite of the obstacles he has faced, Mr. Corbin does have some positives in his life. He has a son, Deandre Corbin, who is seven years old and who Mr. Corbin tries to support as much as he can. He regrets that he cannot spend more time with his son or provide more for him. Mr. Corbin is also married to a woman named Sylvia Hayworth, who he met in a Denny's. The two of them do not live together due to their difficult financial situation, but Mr. Corbin hopes to move in with her when he is released from prison. He also hopes to get himself out of the system and get a job to support himself and his family.

*III. Needs of the Community and Public*

The community and the public have a right to be safe from guns and drugs. However, they also have a responsibility to help their fellow human beings. Mr. Corbin is someone who has never received help, though he desperately wants and needs it. The community would benefit if Mr. Corbin were able to get a job, settle down with his wife, and become a productive member of society.

*IV. Appropriate Sentence*

Given all the circumstances in this case, it would be appropriate to sentence Mr. Corbin to the low end of the guidelines on each count and allow his sentences to run concurrently. Mr. Corbin is someone who has never been given a break. He is someone who's situation is largely a result of the environment in which he was forced to grow up. With respect to these charges, Mr. Corbin has been cooperative with the government and amenable to pleading guilty from the start.

He has accepted responsibility for his actions and expressed a genuine desire to move forward with his life.

It is important to note that under the District of Columbia guidelines, Mr. Corbin is eligible for straight probation for Count 2. Because those guidelines contemplate probation, it would be more appropriate for Mr. Corbin's sentences on the two counts to run concurrently than consecutively. Twenty-four months of incarceration is an appropriate sentence that will serve to punish Mr. Corbin but take into account the mitigating circumstances in this case and the fact that the D.C. guidelines allow for leniency.

## **CONCLUSION**

For the reasons set forth above, as well as for any others that it may deem fair and reasonable, Mr. Corbin asks the Court to sentence him to a period of incarceration of 24 months on Count 1 and 20 months on Count 2, to run concurrently. Such a sentence would be sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553.

Respectfully submitted,

A.J. Kramer
Federal Public Defender


_____/s/_____
Rita Bosworth
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Washington, D.C. 20004
(202) 208-7500 ex.105